UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ABDIRISAK DAHIR JAMA,            Civil No. 11-2596 (DSD/SER)

    Petitioner,

v.            **REPORT AND RECOMMENDATION**

STATE OF MINNESOTA,

    Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition is barred by the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

In 2008, a jury in Hennepin County, Minnesota, found Petitioner guilty of aggravated robbery. He received a 215-month prison sentence, and he is presently serving that sentence in a Minnesota state prison.

After Petitioner was sentenced, he filed a direct appeal. The Minnesota Court of Appeals affirmed his conviction and sentence. *State v. Jama*, No. A08-1337 (Minn.App. 2009), 2009 WL

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

2432105 (unpublished opinion). Petitioner's application for further review was denied on October 20, 2009. *Id.* Petitioner never challenged his conviction or sentence in any other state or federal post-conviction until filing this habeas corpus petition.

This petition raises a single ground for relief. Petitioner presently contends that he was deprived of his constitutional right to due process, because the state trial court prevented him from presenting testimony from an alibi witness during his trial. This claim cannot, however, be adjudicated on the merits, because Petitioner did not commence this action within the one-year statute of limitations period.

## II. DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act, ("AEDPA"), enacted in 1996, made several significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of

> due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

There are no facts or pleadings that are applicable. The State did not create any unconstitutional impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; there also is no allegation that Petitioner's claims are based on any newly-recognized and retroactively applicable constitutional right, or any new evidence that could not have been discovered soon enough to file a timely petition. The Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

The Minnesota Supreme Court denied Petitioner's application for further review on October 20, 2009, but for purposes of 28 U.S.C. § 2244(d)(1)(A), Petitioner's judgment of conviction did not become "final" until the expiration of the deadline for filing a petition for a writ of certiorari in the United States Supreme Court. *Smith v. Bowersox*, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), *cert. denied*, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1. Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became "final" on January 18, 2010 -- 90 days after the Minnesota Supreme Court upheld his conviction and sentence on direct appeal. The statute of limitations expired one year later, on January 18, 2011. Petitioner did not file this petition until September 9, 2011 almost eight months after the expiration of the statute of limitations. The petition

is only salvageable if the statute was tolled.

When a prisoner seeks collateral relief in a procedurally proper state court proceeding, and the statute is tolled during the entire period of time that those collateral proceedings are pending in any state court. *Mills v. Norris*, 187 F.3d 881, 883-84 (8th Cir. 1999). Because Petitioner has not shown that he initiated any state post-conviction proceedings that could have tolled the federal statute of limitations, the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) do not apply.

The Court also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. *See Baker v. Norris*, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), *cert. denied*, 539 U.S. 918 (2003). *See also Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases"). The Eighth Circuit Court of Appeals has held that equitable tolling is available only "when **extraordinary circumstances beyond a prisoner's control** make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). *See also White v. Dingle*, 616 F.3d 844, 847 (8th Cir. 2010) ("[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way"). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be **guarded and infrequent**, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" *Jihad*, 267 F.3d at 806, (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as

prisoner ignorance or inadequate legal assistance. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863 (2001).[2] Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline. Id.

Here, Petitioner did not request or assert that equitable tolling was present. In this case, as in *Baker*, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

## III. CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred. The statute of limitations deadline for seeking federal habeas corpus relief expired in this case on or about January 18, 2011. This action must be summarily dismissed with prejudice. Having determined that this action must be summarily dismissed due to untimeliness, the Court will recommend that Petitioner's pending application for leave to proceed *in forma pauperis*, (Docket No. 2), be denied.

## IV. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P.

---

[2] The Court of Appeals has repeatedly held that faulty legal representation does not warrant equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"), *cert denied*, 539 U.S. 933 (2003); *Kreutzer*, 231 F.3d at 463 ("counsel's confusion about the applicable statute of limitations does not warrant equitable tolling"); *Greene v. Washington*, 14 Fed.Appx. 736, 737 (8th Cir. 2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion); *Sellers v. Burt*, 168 Fed.Appx. 132, 133 (8th Cir.) (unpublished opinion) (rejecting petitioner's assertion "that he could not timely file a habeas petition because his state post-conviction attorney failed to communicate with him and did not send his case file"), *cert. denied*, 549 U.S. 846 (2006).

22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

This Court finds it is unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should **not** be granted a COA in this matter.

## V. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's application to proceed in forma pauperis, (Docket 2), be **DENIED**;

3. This action be **DISMISSED WITH PREJUDICE**; and

4. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: September 19, 2011

    *s/Steven E Rau*

STEVEN E. RAU
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by October 3, 2011, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which

objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.